**UNITED STATES of America,**
**Appellee,**

v.

**Rodney REID, Defendant–Appellant.**

**No. 08–0134–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2008.

David M. Bitkower, Assistant United States Attorney, Eastern District of New York (David C. James, Assistant United States Attorney, on the brief), Brooklyn, N.Y., for Appellee.

Nicolas Bourtin (Samuel W. Seymour and Allison Caffarone, on the brief), Sullivan & Cromwell LLP, New York, N.Y., for Appellant.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Appellant Rodney Reid ("Reid") appeals from a judgment of conviction in the United States District Court for the Eastern District of New York (Ross, *J.* ). Reid was convicted of conspiracy to commit robbery and five counts of robbery in violation of 18 U.S.C. § 1951(a), and five counts of possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

■ Reid contends that both his warrantless arrest and the police's subsequent search of his hotel room were unconstitutional. Warrantless arrests are lawful when supported by probable cause. *See United States v. Watson,* 423 U.S. 411, 423, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Any kind of seizure, including an arrest, requires *"either* physical force ... *or,* where that is absent, *submission* to the

assertion of authority." *United States v. Baldwin*, 496 F.3d 215, 218 (2d Cir.2007) (omission in original) (quoting *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)). Neither occurred in the hotel room. Reid therefore was arrested when he exited his hotel room and submitted to police authority. At this point, there was ample probable cause to believe that he had participated in the Melissa Check Cashing store robbery, and that he had engaged in additional criminal activity including arson and hindering prosecution throughout his standoff with the police.

We further hold that the search of his hotel room was constitutional and that the items recovered were properly admitted at trial. We see no reason to discuss the District Court's determination that the hotel owner had given the police consent to enter and search Reid's room. *See Simms v. Vill. of Albion*, 115 F.3d 1098, 1108–09 (2d Cir.1997) (holding that search outside the scope of arrest warrant was lawful because motel owner had given police consent). Moreover, the District Court also properly concluded that the hotel's post-check-out grace period could not have extended until the arrest, which occurred at approximately 4:00 p.m. *See United States v. Rahme*, 813 F.2d 31, 34–35 (2d Cir.1987) (holding that "when a hotel guest's rental period has expired or been lawfully terminated, the guest does not have a legitimate expectation of privacy" in the room or articles therein).

■ Reid also claims that the District Court improperly curtailed his cross-examination of the government's cooperating witnesses. We review this decision for abuse of discretion and see none. Reid already had elicited testimony from the cooperating witnesses reflecting their motivation to lie and their extensive criminal histories. In addition, the District Court

was understandably reluctant to expose the jury to potentially highly prejudicial information regarding both the potential sentences the witnesses would have faced had they been charged and convicted under 18 U.S.C. § 924(c), and the sentence Reid actually faced under that statute. For these reasons, we hold that the District Court's curtailment of Reid's cross-examination on this point was not an abuse of discretion. *See United States v. Pabon–Cruz*, 391 F.3d 86, 94 (2d Cir.2004) (holding that defendants generally have no right to charge informing jury of sentencing consequences of its decisions); *see also United States v. Luciano–Mosquera*, 63 F.3d 1142, 1153 (1st Cir.1995) (upholding district court's decision that the "value" of the sentencing information regarding the § 924(c) charges witnesses avoided by cooperating "was outweighed by the potential for prejudice by having the jury learn what penalties the defendants were facing").

■ Reid next contends that the government violated his rights under the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), by failing to turn over an Assistant United States Attorney's notes taken at the government's final meeting with a cooperating witness who testified against Reid. The District Court parsed the notes *in camera* and found that they did not contain a "substantially verbatim recital" of the witness's prior statements. Reid has not directly addressed this finding on appeal, and we will not disturb it. In addition, we find no violation under *Brady* or *Giglio*. There is no reasonable probability that the scant additional information contained in the notes, if provided to Reid, would have resulted in a different verdict, given the substantial in-

formation on this witness that Reid obtained from the § 3500 material and from the witness's direct examination.

Reid also challenges the District Court's failure to give the jury a multiple-conspiracy charge. Since Reid did not request such an instruction, we review this omission for plain error. As we held in *United States v. Thompson*, "[t]he trial court's failure to give a requested multiple-conspiracy charge, even one that is entirely correct, does not result in prejudice where the evidence was sufficient to permit the jury to find beyond any reasonable doubt that the defendant was a member of the single conspiracy alleged." 76 F.3d 442, 454 (2d Cir.1996) (citation omitted). Because we believe that there was sufficient evidence for the jury to convict Reid of the conspiracy charged in Count 1, we find that Reid sustained no prejudice as a result of the District Court's failure to give the charge and thus has not established plain error.

Likewise, the District Court's failure to grant a new trial or to hold a hearing based on the new evidence supplied by Ronald Washington suggesting Woodroe Smith's recantation was not error. A motion for a new trial based on newly discovered evidence is granted only in "extraordinary circumstances," and is "committed to the trial court's discretion." *United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997) (citation and internal quotation marks omitted). A failure to grant a new trial on the basis of such evidence is reviewed only for abuse of discretion. *Id.* We agree with the District Court's analysis discrediting Washington's affidavit and substantiating Smith's credibility, and find no abuse of discretion.

Reid next claims that 18 U.S.C. § 924(c) has been applied to him unconstitutionally, in that his 107–year sentence violates his rights under the Fifth and Eighth Amendments. In view of the fact that Reid had ten prior convictions, four involving violence and two involving firearms, and committed the instant armed robberies while on probation for armed robbery, we see no basis for his contention that a life sentence for a recidivist armed robber violates the proportionality principle of the Eighth Amendment. *See Ewing v. California*, 538 U.S. 11, 21, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) ("[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." (quoting *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)) (internal quotation marks omitted)).

We similarly reject Reid's Fifth Amendment arguments. Reid contends that his sentence under section 924(c) fails "rational basis" scrutiny under the Fifth Amendment's implicit equal protection principles, and also that the statute vests excessive sentencing authority in the executive branch. We find that Reid has failed to show that the classifications created by section 924(c) are arbitrary and not rationally related to a legitimate government interest. *See Tanov v. INS*, 443 F.3d 195, 201 (2d Cir.2006). Furthermore, it is clear that the Constitution permits the exercise of prosecutorial discretion in charging section 924(c) violations absent use of "an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

We have considered Reid's remaining contentions and find them to be without merit.

The judgment of the District Court is AFFIRMED.